1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  JOSEPH STELLA,                          No. C-13-0052 MMC

12              Plaintiff,                   **ORDER DIRECTING PLAINTIFF TO
                                             SHOW CAUSE WHY ACTION SHOULD**
13       v.                                  **NOT BE TRANSFERRED TO
                                             SOUTHERN DISTRICT OF CALIFORNIA;**
14  THE HERTZ CORPORATION,                   **VACATING MAY 10, 2013 HEARING**

15              Defendant.
    _____/

16

17       Before the Court is defendant The Hertz Corporation's ("Hertz") "Motion to Transfer

18  Venue Pursuant to 28 U.S.C. § 1404(a)," filed March 28, 2013, by which motion Hertz

19  seeks an order transferring the above-titled action to the Central District of California.

20  Plaintiff Joseph Stella ("Stella") has filed opposition, to which Hertz has replied.  Having

21  read and considered the papers filed in support of and in opposition to the motion, the

22  Court, for the reasons stated below, will direct Stella to show cause why the instant action

23  should not be transferred to the Southern District of California.[1]

24       "For the convenience of parties and witnesses, in the interest of justice, a district

25  court may transfer any civil action to any other district or division where it might have been

26  brought . . . ."  28 U.S.C. § 1404(a).  Here, as noted above, Hertz argues the Court should

27

28       [1]In light of such order, the May 10, 2013 hearing on Hertz's motion is hereby
    VACATED.

United States District Court

For the Northern District of California

transfer the instant action to the Central District.

In his complaint, Stella alleges he was employed by Hertz from June 25, 2007 through August 10, 2012, and held the "non-exempt" positions of "manager trainee," "manager 1," and "assistant manager" at "three of [Hertz's] locations" in California. (See Compl. ¶¶ 1, 5, 11.) According to Stella, during the course of his employment, he was "not provided with and [was] unable to take timely, off-duty meal periods" (see Compl. ¶ 6), whenever he was the "sole employee on duty for the first five hours of work" (see Compl. ¶ 4). Based on said allegations, Stella seeks to recover damages on behalf of himself and a putative class described as "current and former non-exempt employees of The Hertz Corporation who worked at Hertz car rental locations in the State of California . . . and who worked at least one shift as the only employee on-duty during the first five hours of the shift." (See Compl. ¶ 9.) Although the complaint does not identify the locations at which Stella worked for Hertz, Hertz has offered evidence, undisputed by Stella, that Stella worked at "Hertz Local Edition locations" in Mission Valley, Miramar and Pacific Beach, each of which is in the "San Diego area." (See Kersey Decl. ¶¶ 4, 5.)

Hertz argues the action should be transferred to the Central District, even though it has not shown that any relevant witness resides in such district or that any relevant events occurred therein,[2] because a district court in the Central District is presently hearing two actions in which certain of Hertz's meal break policies are being challenged by two other former employees. Stella contends, however, and Hertz has not disputed, that the policies challenged by the two plaintiffs whose cases are pending in the Central District differ from the policy challenged in the instant action. (See Dolinko Decl. Ex. 1 (identifying challenged policies in Central District actions as "not scheduling employee meal breaks," "requiring employees get a manager's permission before taking a meal break" and "prohibiting

_____

[2]Although Hertz states its "payroll data on [ ] Stella" was handled by Michelle Novick, a "Payroll person" who works in Los Angeles, California, i.e., in the Central District (see Kersey Decl. ¶ 5), Hertz has not shown such person played any role in the scheduling or meal break practices at the San Diego area locations where Stella worked, or otherwise would be in a position to offer relevant testimony.

employees from leaving customers unattended to take a meal break").)[3]  Although the "feasibility of consolidation" with an action pending in the proposed transferee court is a factor weighing in favor of transfer, see A. J. Industries v. United States District Court, 503 F.2d 384, 389 (9th Cir. 1974), here, on the record presently before the Court, transfer to the Central District does not appear appropriate, given the different policies being challenged, and, more importantly, there being no showing that any relevant witness resides in or any relevant act occurred in the Central District.

Nonetheless, it does appear that, for the convenience of potential witnesses and in the interests of justice, the action should be transferred to the Southern District, as the events giving rise to Stella's claim appear to have occurred primarily, if not exclusively, in the Southern District.  Additionally, the Southern District is the district in which Stella resides,[4] and, although "great weight is generally accorded [a] plaintiff's choice of forum," the plaintiff's choice is entitled to "less weight" when, as here, the plaintiff seeks to represent a class, see Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987), or when, as here, the plaintiff files in a forum in which he does not reside, see Gemini Capital Group v. Yap Fishing Corp., 150 F.3d 1088, 1091 (9th Cir.1998) (holding "district court correctly acted on Ninth Circuit authority in granting [p]laintiffs' choice of Hawaii as a forum [warranting] less deference" where no plaintiff resided in Hawaii).  Further, and of particular significance, no party has identified any witness residing, or relevant act occurring, in this district.[5]

Accordingly, Stella is hereby ORDERED TO SHOW CAUSE, in writing and no later than May 24, 2013, why the above-titled action should not be transferred to the Southern

_____

[3]Although it is not entirely clear how the policy challenged here by Stella differs from the third of the above-quoted policies challenged in the Central District actions, neither party asserts they are the same.  Consequently, for purposes of the instant motion, the Court has assumed that the policies are different in some material manner.

[4]Hertz offers evidence, undisputed by Stella, that Stella lives in Encinitas, California (see Kersey Decl. ¶ 6), a city located in the Southern District.

[5]At most, as Stella points out, some members of the putative class likely reside here.

3

District of California.  Hertz shall file any response to such showing no later than May 31, 2013.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (acknowledging "long-approved practice of permitting a court to transfer a case sua sponte under . . . 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue").  On May 31, 2013, unless the parties are otherwise advised, the matter will stand submitted.

**IT IS SO ORDERED.**

Dated:  May 6, 2013

_____
MAXINE M. CHESNEY
United States District Judge